PAYNE v. STATE ex Guitteau.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2130. Decided Sept. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

MUNICIPAL CORPORATIONS.

(360 C2) Council of charter municipality may submit to electors of such municipality, amendment to charter, by vote of two-thirds or more of its members. When council takes such action, electors of municipality have right to determine question, and approval of mayor is not required. Mayor cannot take away such right by exercise of veto power.

Error to Common Pleas.
Judgment affirmed.

George W. Ritter, Dir. of Law, Martin S. Dodd and Edward Lamb, Toledo, for Payne.
Cornell Schreiber, Toledo, for State ex.

STATEMENT OF FACTS.

At the November election in 1914, the City of Toledo adopted a charter under the power conferred by Section 7 of Article XVIII of the Constitution of Ohio. This charter became effective January 1, 1916. August 23rd, 1928, the Council of the City passed an ordinance for the submission to the electors of an amendment to said charter. The Council consists of twenty members and the ordinance was passed by a vote of seventeen in the affirmative and three in the negative. The ordinance in question was signed, after its pasasge, by the president of the Council, and delivered by the Clerk of the Council to William T. Jackson, Mayor of the City, who up to the time of the commencement of the action and the trial of the cause in the court below, had neither approved nor disapproved said ordinance. It was stated in argument, however, that the Mayor has since exercised the right of veto. The petition filed in the court below prays that a writ of mandamus may issue commanding the Clerk of Council to notify the Board of Deputy State Supervisors and Inspectors of Elections of Lucas County of the adoption by Council of the City of Toledo on August 23, 1928, of ordinance No. 6705, providing for the submission to the electors of the City of Toledo of an amendment to Sections 1 to 236, both inclusive, of the charter of the City of Toledo, and to transmit to said Board the original or a duly certified copy of said ordinance, requesting said Board to provide for an election on the adoption or rejection by the said City of Toledo at a regular election to be held in said City on the 6th day of November, 1928.

The court below granted the relief prayed for and the writ of mandamus was issued and the Clerk of the Council complied therewith.

The plaintiff in error seeks a reversal of the judgment of the court below.

The sole question presented to this court is whether or not the Mayor of the City of Toledo has the power to veto the ordinance in question, and whether his approval was necessary to make it valid.

WILLIAMS, J.

There is no question that the charter of the City of Toledo, which became effective January 1, 1916, requires the ordinances passed by the Council to be submitted to the Mayor for approval and gives him the veto power. We think it is obvious, however, that the city charter can not enlarge the provisions of the Constitution of Ohio with reference to an amendment to such charter and that the matter is fully covered by that part of Section 9 of Article XVIII of the Constitution of Ohio which reads as follows:

"Amendments to any charter framed and adopted as herein provided may be submitted to the electors of a municipality by a two-thirds vote of the legislative authority thereof."

The contention of the plaintiff in error is that the words "legislative authority" include not only the exercise of legislative power by the municipal council but the approval or rejection of the ordinance by the mayor. The contention can not be sustained and such a construction would be a strained one. By the plain terms of the Constitution the council may submit to the electors of a municipality an amendment to the charter by the vote of two-thirds or more of its members, and that when the council takes such action the electors of the municipality have the right to determine the question, and the approval of the mayor is not required, nor can the mayor take that right away by an exercise of the veto power.

As the Clerk of the Council had complied with the command contained in the writ of mandamus before the commencement of this proceeding in error, there is some question whether or not the matter presented is a moot question. We have found, however, no difficulty in deciding the case upon its merits.

Finding no error in the record prejudicial to the plaintiff in error, the judgment will be affirmed.

(Richards and Lloyd, JJ., concur.)